1  ROLAND P. REYNOLDS, SBN 150864
   rreynolds@pldlawyers.com
2  FREDERICK A. HAIST, SBN 211322
   fhaist@pldlawyers.com
3  PALMER, LOMBARDI & DONOHUE LLP
   515 South Flower Street, Suite 2100
4  Los Angeles, CA 90071
   Phone: (213) 688-0430
5  Fax: (213) 688-0440

6  PETER J. MARSHALL, SBN 108536
   pmarshall@pldlawyers.com
7  PALMER LOMBARDI & DONOHUE LLP
   One Post Street, Suite 2750
8  San Francisco, CA 94104
   Phone: (415) 489-4801
9  Fax: (415) 489-4820

10 Attorneys for Defendant Flagstar Bank, FSB

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13

14
   TIMOTHY L. SPALDING,              )   Case No. CV-14-01398 DMR
15                                   )
            Plaintiff,               )   [Assigned for all Purposes to the
16                                   )   Honorable Charles R. Breyer]
      vs.                            )
17                                   )   **DEFENDANT FLAGSTAR BANK,**
                                     )   **FSB'S RE-NOTICE OF MOTION**
18                                   )   **AND MOTION TO DISMISS**
   FLAGSTAR BANK, F.S.B., and        )   **PLAINTIFF SPALDING'S**
19 DOES 1 THROUGH 100, Inclusive,    )   **COMPLAINT; MEMORANDUM OF**
                                     )   **POINTS AND AUTHORITIES IN**
20         Defendants.               )   **SUPPORT THEREOF**
                                     )
21                                   )   [FRCP RULE 12(b)(6)]
                                     )
22                                   )   DATE:     May 9, 2014
                                     )   TIME:     10:00 a.m.
23                                   )   PLACE:    Courtroom 6, 17th Floor
                                     )
24                                   )   [Filed March 3, 2014; removed March 26,
                                         2014]
25

26 ///

27 ///

28

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

///

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 9, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard before Judge Charles R. Breyer at the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Flagstar Bank, FSB will, and hereby does, move to dismiss Plaintiff Timothy Spalding ("Spalding")'s Complaint.

Flagstar requests that the Court dismiss Spalding's Complaint. This motion is made pursuant to RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE because the Complaint and each and every claim directed at Flagstar fails to state a claim upon which relief can be granted. Specifically, the First Claim for Violation of CIVIL CODE §2923.6 is not stated because the new provisions in CIVIL CODE §2923.6 do not apply in this case, there is no liability under the old provisions of CIVIL CODE §2923.6, he cannot obtain his requested damages and even if the new provisions of CIVIL CODE §2923.6 did apply, they were not violated. The Second Claim for Violation of BUSINESS AND PROFESSIONS CODE §17200 is not stated because Spalding has no standing to bring his claim, no unlawful action is alleged, no unfair action is alleged, and no relief under the statute is available to Spalding. Finally, both claims are preempted by federal banking law.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the request for judicial notice, the pleadings and papers on file in this action, and on such further oral and documentary evidence as may be presented at the hearing of this motion.

DATED: April 2, 2014

By ____/s/ Frederick A. Haist____
ROLAND P. REYNOLDS
PETER J. MARSHALL
FREDERICK A. HAIST
PALMER, LOMBARDI & DONOHUE LLP
Attorneys for Defendant Flagstar Bank FSB

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

# TABLE OF CONTENTS

**Page No.**

I.      INTRODUCTION ...................................................................1

II.     STATEMENT OF ISSUES TO BE DECIDED ...........................2

III.    ALLEGATIONS SET FORTH IN THE COMPLAINT.................2

IV.     LEGAL STANDARD FOR A MOTION TO DISMISS ..............3

V.      SPALDING HAS NOT STATED HIS CLAIMS AGAINST FLAGSTAR...4

    A.      The First and Second Claims are Preempted by Federal Law.............4

        1.      This 2009 Loan is Regulated under HOLA ..............................5

        2.      Express and Conflict Preemption apply Because Spalding's First and Second Claims Require Flagstar to Take an Application and Evaluate Spalding for a Modification, Actions which are Encompassed in HOLA ......................5

        3.      Alternatively, if HOLA does not apply, the Claims are Preempted under the NBA Because they Require Flagstar to Take Loan Applications and Evaluate Spalding for Loan Modifications ...................7

        4.      California Law Acknowledges that Spalding's Two Claims, which would Require Flagstar to take Loan Modification Applications, are Preempted ......................8

    B.      The First Claim for Violation of CIVIL CODE §2923.6 is Not Stated....9

        1.      The New Provisions in CIVIL CODE §2923.6 set forth in HOBR Do Not Apply In This Case......................10

        2.      There is No Liability under the Old Provisions of CIVIL CODE §2923.6......................11

        3.      Even If the New Provisions of CIVIL CODE §2923.6 Applied, Spalding Still Cannot State a Claim Because He Never Sent a Completed Application to Flagstar......................11

        4.      There is No Basis for Spalding's Requests for Treble Damages or Statutory Damages......................14

    C.      The Second Claim for Violation of BUSINESS AND PROFESSIONS CODE §17200 is Not Stated......................15

        1.      Spalding has No Standing to Bring his Claim Under §17200 ......................15

        2.      No Unlawful Action is Alleged......................17

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

3.   No Unfair Action is Alleged .......................................17

4.   No Relief is Available to Spalding Because Damages are Not Allowed under §17200, there is No Basis for Any Injunctive Relief and Spalding has Not Alleged Any Proper Claim for Restitution against Flagstar .......................................18

VI.   CONCLUSION .........................................................20

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# <u>TABLE OF AUTHORITIES</u>

<u>Page No.</u>

**Cases**

*Akopyan v. Wells Fargo Home Mortgage, Inc.*
 215 Cal.App.4th 120, 138, 155 Cal.Rptr.3d 245 (2013)..............................................4

*Ashcroft v. Iqbal*
 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) ................................................................3

*Bank of Am. v. City and County of S.F.*
 309 F.3d 551, 561 (9th Cir. 2002) ............................................................................8

*Barnett Bank of Marion Cnty., N.A. v. Nelson*
 517 U.S. 25, 30-31, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996)................................4

*Bell Atlantic Corp. v. Twombly*
 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007) ...........3

*Berryman v. Merit Property Management, Inc.*
 152 Cal.App.4th 1544, 1555, 62 Cal.Rptr.3d 177 (2007) ....................................18

*Byars v. SCME Mortgage Bankers, Inc.*
 109 Cal.App.4th 1134, 1146, 135 Cal.Rptr.2d 796 (2003)..........................17, 18

*California Serv. Station Ass'n v. Union Oil Co.*
 232 Cal. App. 3d 44, 283 Cal.Rptr. 279 (1991) ...................................................19

*Carter v. Prime Healthcare Paradise Valley LLC*
 198 Cal.App.4th 396, 412-13, 129 Cal.Rptr.3d 895 (2011)................................15

*Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 187, 83
 Cal.Rptr.2d 548 (1999) ..........................................................................................18

*Cholla Readimix, Inc. v. Civish*
 382 F.3d 969, 973 (9th Cir. 2004) ............................................................................3

*Clegg v. Cult Awareness Network*
 18 F.3d 752, 754-755 (9th Cir. 1994) ......................................................................3

*Daro v. Superior Court*
 151 Cal.App.4th 1079, 1099, 61 Cal.Rptr.3d 716, 729 (2007) ..........................16

*Daugherty v. American Honda Motor Co., Inc.*
 144 Cal.App.4th 824, 839, 51 Cal.Rptr.3d 118 (2006)........................................18

*Davis v. World Sav. Bank, FSB*
 806 F.Supp.2d 159, 167 fn. 5 (D.D.C. 2011) ..........................................................7

*Day v. AT&T*
 63 Cal.App.4th 325, 340, 74 Cal.Rptr.2d 55 (1998)............................................19

*Durell v. Sharp Healthcare*
 183 Cal.App.4th 1350, 1366, 108 Cal.Rptr.3d 682 (2010) ..................................18

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

*Gauvin v. Trombatore*
  682 F.Supp. 1067, 1071 (N.D. Cal. 1988) ...................................................................... 3

*Gutierrez v. Wells Fargo Bank, NA*
  704 F.3d 712, 725 (9th Cir. 2012) ................................................................................ 5

*Hamilton v. Greenwich Investors XXVI, LLC*
  195 Cal.App.4th 1602, 1617, 126 Cal.Rptr.3d 174 (2011)..................................... 11, 16

*Ileto v. Glock Inc.*
  349 F.3d 1191, 1199-1200 (9th Cir. 2003) .................................................................. 3

*In re Sagent Technology, Inc., Derivative Litigation*
  278 F.Supp.2d 1079, 1094-1095 (N.D. Cal. 2003)...................................................... 3

*In re Thomas*
  476 B.R. 691, 698 (Bankr. D. Mass. 2012) ................................................................. 5

*Jenkins v. JP Morgan Chase Bank, N.A.*
  216 Cal.App.4th 497, 523, 156 Cal.Rptr.3d 912 (2013) ............................................ 16

*Kasky v. Nike, Inc.*
  27 Cal.4th 939, 950, 119 Cal.Rptr.2d 296 (2002) ..................................................... 19

*Knievel v. ESPN*
  393 F.3d 1068, 1076 (9th Cir. 2005) ........................................................................... 4

*Korea Supply Co. v. Lockheed Martin Corp.*
  29 Cal.4th 1134, 1148, 131 Cal.Rptr.2d 29 (2003) ................................................... 19

*Lazar v. Hertz Corp.*
  69 Cal.App.4th 1494, 1505, 82 Cal.Rptr.2d 368 (1999).............................................. 17

*Lee v. City of Los Angeles*
  250 F.3d 668, 688-689 (9th Cir. 2001) ....................................................................... 4

*Louisiana Pub. Serv. Comm'n v. F.C.C.*
  476 U.S. 355, 368-69, 106 S.Ct. 1890, 90 L.Ed.2d 369 (1986) ................................. 4

*Mabry v. Superior Court*
  185 Cal.App.4th 208, 228-232, 110 Cal.Rptr.3d 201 (2010)........................... 8, 9, 11

*Madrid v. Perot Systems Corp.*
  130 Cal.App.4th 440, 462-466, 30 Cal.Rptr.3d 210 (2005)....................................... 19

*Martinez v. Wells Fargo Home Mortg., Inc.*
  598 F.3d 549, 554 -556 (9th Cir. 2010); ..................................................................... 8

*Medina v. Safe-Guard Products*
  164 Cal.App.4th 105, 115, 78 Cal.Rptr.3d 672, 679 (2008) ...................................... 17

*Medrano v. Flagstar Bank, FSB*
  704 F.3d 661, 666 (9th Cir. 2012) ............................................................................... 6

*MGIC Indem. Corp. v. Weisman*
  803 F.2d 500, 504 (9th Cir. 1986) ............................................................................... 4

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

*Michael J. Weber Living Trust*
2013 WL 1196959 at \*4................................................................................................ 10

*Myers v. Philip Morris Companies, Inc.*
28 Cal.4th 828, 840-47, 123 Cal.Rptr.2d 40 (2002) ................................................. 10

*National Ass'n for Advancement of Psychoanalysis v. California Bd. of Psychology*
228 F.3d 1043, 1049 (9th Cir. 2000) ........................................................................... 4

*Nicol v. Wells Fargo Bank, N.A.*
857 F.Supp.2d 1067, 1070 (D. Or. 2012) ................................................................. 5, 7

*People ex rel. City of Santa Monica v. Gabriel*
186 Cal.App.4th 882, 889, 112 Cal.Rptr.3d 574 (2010) ........................................... 19

*Poindexter v. Wachovia Mortgage Corp.*
851 F.Supp.2d 121, 125-129, n.11 (D.D.C. 2012) ...................................................... 7

*Pruitt v. U.S. Bank, N.A.*
1:13-CV-1198 AWI SKO, 2013 WL 6798999, \*3 (E.D. Cal. Dec. 20, 2013) ......... 10

*Runaj v. Wells Fargo Bank*
667 F.Supp.2d 1199, 1207-1208 (S.D. Cal. September 30, 2009) ............................ 11

*Scripps Clinic v. Superior Court*
108 Cal.App.4th 917, 938-939, 943-944, 134 Cal.Rptr.2d 101 (2003) ..................... 17

*Silvas v. E\*Trade Mortg. Corp.*
514 F.3d 1001, 1005-1006 (9th Cir. 2008) ........................................................ 4, 5, 6

*Smith v. State Farm Mutual Automobile Ins. Co.*
93 Cal.App.4th 700, 717-718, 113 Cal.Rptr.2d 399 (2001)...................................... 17

*Velasquez v. GMAC Mortg. Corp.*
605 F. Supp.2d 1049, 1058 (C.D. Cal. 2008)............................................................... 4

*Wachovia Bank, N.A. v. Burke|*
414 F.3d 305, 312 (2d Cir. 2005) ................................................................................ 8

*Walker v. Countrywide Home Loans, Inc.*
98 Cal.App.4th 1158, 1169-1170, 121 Cal.Rptr.2d 79 (2002)................................... 15

*Watters v. Wachovia Bank, N.A.*
550 U.S. 1, 13-15, 127 S.Ct. 1559, 167 L.Ed.2d 389 (2007)................................ 5, 8

**Statutes**

12 C.F.R. §34.4(a) ............................................................................................................. 8

12 C.F.R. §560.2 ........................................................................................................... 5, 6

12 C.F.R. §560.2(10) ........................................................................................................ 6

12 C.F.R. §560.2(11) ........................................................................................................ 6

12 C.F.R. §560.2(4) .......................................................................................................... 6

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

12 C.F.R. §560.2(4), (10), (11)..................................................................................7

12 C.F.R. §560.2(a) ...................................................................................................5

12 U.S.C. §1461 ....................................................................................................2, 5

12 U.S.C. §25b .........................................................................................................7

12 U.S.C. §34.3 ........................................................................................................8

12 U.S.C. §5553 .......................................................................................................7

12 U.S.C. 371 ...........................................................................................................8

BUSINESS AND PROFESSIONS CODE §17200...........................1, 2, 6, 15, 17, 18, 19, 20

BUSINESS AND PROFESSIONS CODE §17203........................................................19

BUSINESS AND PROFESSIONS CODE §17204...................................................16, 19

BUSINESS AND PROFESSIONS CODE §17206........................................................19

CIVIL CODE §2920 ..............................................................................................1, 10

CIVIL CODE §2920.5.................................................................................................7

CIVIL CODE §2923.4(b)..........................................................................................13

CIVIL CODE §2923.5.................................................................................................9

CIVIL CODE §2923.55...............................................................................................9

CIVIL CODE §2923.6................................ 1, 2, 6, 9, 10, 11, 12, 14, 16, 17, 19, 20

CIVIL CODE §2923.6(b)............................................................................................7

CIVIL CODE §2923.6(c)..........................................................................................12

CIVIL CODE §2923.6(c)-(f) ...............................................................................12, 16

CIVIL CODE §2923.6(h)..........................................................................................12

CIVIL CODE §2924 .................................................................................................18

CIVIL CODE §2924.12.............................................................................................14

CIVIL CODE §2924.12(b).........................................................................................14

## Other Authorities

CAL. CONST., ART. IV, § 8(c)(1) ............................................................................10

## Rules

FEDERAL RULES OF CIVIL PROCEDURE
    RULE 12(b)(6) ....................................................................................................3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FEDERAL RULES OF CIVIL PROCEDURE
    RULE 8 ................................................................................................................. 3

FEDERAL RULES OF EVIDENCE
    RULE 201 ............................................................................................................ 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Plaintiff Timothy Spalding ("Spalding"), after voluntarily dismissing an earlier complaint, again seeks relief under the Homeowners' Bill of Rights, CIVIL CODE §§2920 *et seq*. ("HOBR") because he was not given a loan modification. Spalding's First Claim alleges that Defendant Flagstar Bank, FSB ("Flagstar") wrongly denied his CIVIL CODE §2923.6 loan modification application on the grounds of being incomplete.  However, Spalding admits his last loan modification was incomplete because his wife—a co-signer on the loan—refused to provide financial information for the application.  The appeal provisions in CIVIL CODE §2923.6 only are triggered when a completed application is submitted.  Even if his admission is ignored, he cannot state his claim because his loan modification application was submitted, and the foreclosure began, in 2012, before the HOBR version of CIVIL CODE §2923.6 was effective.  He also ignores he has no damage as he is not entitled to a modification.

Spalding also fails to state his Second Claim for violation of BUSINESS AND PROFESSIONS CODE §17200.  First, he has no standing to bring his claim—his foreclosure was not caused by the alleged CIVIL CODE §2923.6 violation.  Further, since he has not stated a CIVIL CODE §2923.6 claim, his §17200 unlawful claim fails.  Spalding has not shown unfair conduct--no violation of any other statute, antitrust law, or any other unfair conduct on the part of Flagstar is alleged.  Finally, he cannot obtain any relief --neither damages nor attorneys' fees are recoverable under §17200.  Spalding can only obtain injunctive relief or restitution and there are no recurring actions alleged and there is nothing to restore to Spalding as Flagstar only took what it was allowed to take under the note and deed of trust.

Finally, both of Spalding's Claims are preempted by federal law.  He seeks to force Flagstar to take a loan modification application and handle the decision as to whether to grant a modification in a certain way.  Since this affects Flagstar's

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

lending and servicing rights, it is preempted under federal banking law.  The motion to dismiss should be granted.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    The post-January 1, 2013 provisions in CIVIL CODE §2923.6 do not apply in this case.

2.    There is no liability under the pre-January 1, 2013 provisions of CIVIL CODE §2923.6.

3.    An incomplete loan modification application does not trigger CIVIL CODE §2923.6.

4.    Spalding has no standing to bring his BUSINESS AND PROFESSIONS CODE §17200 claim.

5.    Spalding has not alleged unfair action under BUSINESS AND PROFESSIONS CODE §17200.

6.    Spalding has not alleged unlawful action under BUSINESS AND PROFESSIONS CODE §17200.

7.    No relief is available to Spalding under BUSINESS AND PROFESSIONS CODE §17200.

8.    Spalding's claims are preempted by the Home Owner's Loan Act ("HOLA"), 12 U.S.C. §§1461 *et seq*. and the National Bank Act ("NBA").

## III.    ALLEGATIONS SET FORTH IN THE COMPLAINT

Spalding filed this exact same complaint in April 2013 in case number C-13-00869 in the Contra Costa County Superior Court and later dismissed the action. [Request for Judicial Notice "RJN" #1, Previous Action Complaint, attached as Exhibit 1; RJN #2, Previous Action First Amended Complaint, attached as Exhibit 2; RJN #3, Request for Dismissal, attached as Exhibit 3.]

Sometime after July 2012, Spalding alleges he was not able to pay his loan due to a separation with his wife and contacted Flagstar about a loan modification. [Complaint ¶7.]   Spalding alleges he submitted a loan modification application in

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

August 2012. [Complaint ¶¶8-9.] Spalding alleges his wife filed for divorce in December 2012. [Complaint ¶12.] During December 2012, Spalding alleges Flagstar requested updated information from both him and his wife; he advised Flagstar that his wife was no longer willing to participate in the loan modification process. [Complaint ¶¶12-13.] Thereafter, Spalding alleges his modification application was denied on January 25, 2013 because his application was incomplete. [Complaint ¶15.] Spalding alleges that the denial letter failed to provide details, mention how to appeal the decision or mention any other available foreclosure alternatives. [Complaint ¶15.]

## IV.   LEGAL STANDARD FOR A MOTION TO DISMISS

A motion to dismiss pursuant to FEDERAL RULES OF CIVIL PROCEDURE ("FRCP"), RULE 12(b)(6) tests the sufficiency of the complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint that lumps together seemingly unrelated defendants fails to give them fair notice of the claims against them under FRCP, RULE 8. *In re Sagent Technology, Inc., Derivative Litigation,* 278 F.Supp.2d 1079, 1094-1095 (N.D. Cal. 2003); *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988). A complaint must allege enough facts to state a claim against a particular defendant that is plausible, not merely conceivable. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those allegations cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994); *Cholla Readimix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir. 2004); *see also Twombly,* 550 U.S. at 555, 570. A plaintiff must allege more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). "'[L]abels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

Under FEDERAL RULES OF EVIDENCE, RULE 201, a judicially noticed fact is one that is capable of accurate and ready determination by sources whose accuracy cannot be questioned.  A court can take judicial notice of undisputable matters of public record when considering a motion to dismiss.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  Specifically, a court can take judicial notice of documents recorded with a county recorder's office in the context of a motion to dismiss as there is no reason to question their authenticity.  *Velasquez v. GMAC Mortg. Corp.*, 605 F. Supp.2d 1049, 1058 (C.D. Cal. 2008).  Evidentiary facts contained in exhibits attached to a complaint can be considered on a motion to dismiss.  *National Ass'n for Advancement of Psychoanalysis v. California Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000).  The Court also can consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) [citations and internal quotations omitted].

## V.   SPALDING HAS NOT STATED HIS CLAIMS AGAINST FLAGSTAR

### A.   The First and Second Claims are Preempted by Federal Law

State laws can be preempted through: 1) express preemption; 2) field preemption; and 3) conflict preemption.  *Barnett Bank of Marion Cnty., N.A. v. Nelson*, 517 U.S. 25, 30-31, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996); *Akopyan v. Wells Fargo Home Mortgage, Inc.*, 215 Cal.App.4th 120, 138, 155 Cal.Rptr.3d 245 (2013).  For preemption purposes, regulations have the same preemptive effect as statutes, and the Court should defer to the regulatory agency's interpretation of the statute.  *Louisiana Pub. Serv. Comm'n v. F.C.C.*, 476 U.S. 355, 368-69, 106 S.Ct. 1890, 90 L.Ed.2d 369 (1986); *Akopyan*, 215 Cal.App.4th at 138.  Thus, in evaluating whether a state law is preempted, the Court should first determine if it is among the types expressly preempted.  *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005-1006 (9th Cir. 2008).  If the state law is not expressly preempted, the

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1   Court should determine "whether the law affects lending.  If it does, …the

2   presumption arises that the law is preempted."  *Silvas*, 514 F.3d at 1005-1006;

3   *Gutierrez v. Wells Fargo Bank, NA*, 704 F.3d 712, 725 (9th Cir. 2012).  Here, the

4   Home Owner's Loan Act ("HOLA"), 12 U.S.C. §§1461 *et seq.* applies to Flagstar so

5   the First and Second Claims are expressly preempted under HOLA.  If HOLA no

6   longer applies, they are still preempted under the National Bank Act ("NBA").

### 1.  This 2009 Loan is Regulated under HOLA

8       Flagstar is a federally chartered savings bank.  [RJN #4, Flagstar's 2013 Form

9   10-K filing made with the Securities and Exchange Commission, attached as Exhibit

10  4; RJN #5, FDIC Institution Directory Profile for Flagstar Bank, FSB, attached as

11  Exhibit 5; *In re Thomas*, 476 B.R. 691, 698 (Bankr. D. Mass. 2012).]  The mortgage

12  loan services of Flagstar are governed by a comprehensive scheme of federal

13  regulations. Prior to 2011, the regulations were collected under HOLA, 12 U.S.C.

14  §1461 *et seq.*, and the regulations promulgated thereunder by the Office of Thrift

15  Supervision ("OTS") and the Federal Home Loan Bank Board.  The loan was made

16  in 2009, so HOLA applies.  [Complaint ¶5.]  *See Nicol v. Wells Fargo Bank, N.A.*,

17  857 F.Supp.2d 1067, 1070 (D. Or. 2012).

### 2.  Express and Conflict Preemption apply Because Spalding's First and Second Claims Require Flagstar to Take an Application and Evaluate Spalding for a Modification, Actions which are Encompassed in HOLA

21      HOLA and its regulations (12 C.F.R. §560.2) broadly occupy the lending

22  field so generally any claim that is founded upon the mortgage lending or servicing

23  activities of a federally chartered bank is preempted.  *See Silvas*, 514 F.3d at 1006;

24  *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 13-15, 127 S.Ct. 1559, 167 L.Ed.2d

25  389 (2007).  HOLA regulations provide that residential mortgage lending and

26  servicing activities conducted by federally chartered savings banks are not subject to

27  state laws that attempt to regulate mortgage lending or servicing.  12 C.F.R.

28  §560.2(a); *Silvas*, 514 F.3d at 1004 ("We have described HOLA and its following

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

agency regulations as a 'radical and comprehensive response to the inadequacies of the existing state system,' and 'so pervasive as to leave no room for state regulatory control'") [citations omitted].  Thus, as an initial matter, the First and Second Claims are preempted because HOLA occupied the field.  *Silvas*, 514 F.3d at 1006 (finding that HOLA preempted a §17200 claim relating to loan fees).

Even if HOLA did not occupy the field, the First and Second Claims are still preempted.  Under the HOLA regulations set forth in 12 C.F.R. §560.2, 13 categories of state laws are explicitly preempted.  One category is any law relating to

> The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan.

12 C.F.R. §560.2(4).  Another category preempts laws relating to the "Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages".  12 C.F.R. §560.2(10).  State laws involving "Disbursements and repayments" are also categorically preempted.  12 C.F.R. §560.2(11).  The express preemption categories in HOLA are also not exhaustive.  The First and Second Claims affect all of these regulated activities.

While HOLA allows state law to regulate foreclosures, state foreclosure law cannot be used as a back-door method to regulate servicing and lending.  Servicing and lending includes receiving payments on a loan and administrating the loan, including modifications.  *See, e.g., Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012) (defining servicing under RESPA regulations).  Spalding, in his First claim under CIVIL CODE §2923.6, and his Second claim under BUSINESS AND PROFESSIONS CODE §17200, seeks to punish Flagstar for how it evaluated him for a loan modification, conducted the evaluation, and for its conclusion as to why he was denied a modification.  [Complaint ¶¶23-24, 32-33, 36, 43.]  He also seeks to force

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

- 6 -

Flagstar to handle his loan modification application in a certain way. The two claims, as pled in the Complaint, violate HOLA as they require Flagstar to consider changing the term, repayment and/or balance of the loan upon a default. The California Legislature made it clear that CIVIL CODE §2923.6(b) (and as Spalding pled, §17200) requires Flagstar to consider a loan modification: "It is the intent of the Legislature that the mortgage servicer offer the borrower a loan modification or workout plan." The Legislature's intention is reinforced in CIVIL CODE §2920.5, which defines a "foreclosure prevention alternative" as primarily being a "first lien loan modification". HOLA expressly states that laws requiring an adjustment of the interest rate, payments due, the terms of the loan, or servicing, are preempted. 12 C.F.R. §560.2(4), (10), (11). A modification would undeniably change the interest rate or payments due. Requiring an appeal also legislates how Flagstar makes a decision on a loan modification application. The Claims are preempted.

**3.      Alternatively, if HOLA does not apply, the Claims are Preempted under the NBA Because they Require Flagstar to Take Loan Applications and Evaluate Spalding for Loan Modifications**

The 2010 Dodd-Frank Act eliminated the OTS and altered the scope of the HOLA regulations. However, the Dodd-Frank Act did not "alter or affect the applicability of any regulation, order, guidance, or interpretation prescribed, issued, and established by ... the Director of the Office of Thrift Supervision regarding the applicability of State law under Federal banking law to any contract entered into on or before the date of enactment of this Act, by ... Federal savings associations[.]" 12 U.S.C. §5553. Since the loan was executed in 2009, the Dodd-Frank amendments do not apply. *See Poindexter v. Wachovia Mortgage Corp.*, 851 F.Supp.2d 121, 125-129, n.11 (D.D.C. 2012); *Nicol*, 857 F.Supp.2d at 1070.

Even if the Dodd-Frank Act did apply, state laws are still preempted if they would be preempted under the NBA. 12 U.S.C. §25b; *Davis v. World Sav. Bank, FSB*, 806 F.Supp.2d 159, 167 fn. 5 (D.D.C. 2011). State laws that "obstruct, impair,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

or condition a national bank's ability to fully exercise its Federally authorized real estate lending powers", that is, conflict with the NBA, are preempted. 12 C.F.R. §34.4(a); *see Watters,* 550 U.S. at 13-15; *Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 554 -556 (9th Cir. 2010); *Wachovia Bank, N.A. v. Burke*, 414 F.3d 305, 312 (2d Cir. 2005); *Bank of Am. v. City and County of S.F.*, 309 F.3d 551, 561 (9th Cir. 2002). Specifically, under 12 C.F.R. §34.4(a), "a national bank may make real estate loans under 12 U.S.C. 371 and § 34.3, without regard to state law limitations concerning ... (10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages...." Further, 12 C.F.R. §34.4(a) provides that a national bank may "make real estate loans" without regard to state law limitations on

> The terms of credit, including schedule for repayment of principal and interest, amortization of loans, balance, payments due, minimum payments, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan ... Processing, origination, servicing ... or participation in mortgages . . . [and] Disbursements and repayments.

Spalding's claims require Flagstar to take a loan modification application and to give him an appeal—a second application process. Thus, Spalding's First and Second Claims, as pled, impinge on loan making and servicing under the NBA. The NBA preempts the two claims.

> **4.** **California Law Acknowledges that Spalding's Two Claims, which would Require Flagstar to take Loan Modification Applications, are Preempted**

California law even acknowledges that any state law requiring a regulated financial institution to take a loan modification application or evaluate an alternative to foreclosure would be preempted. In *Mabry v. Superior Court*, 185 Cal.App.4th 208, 228-232, 110 Cal.Rptr.3d 201 (2010), a California appellate court analyzed the

- 8 -

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

1  precursor law to the HOBR, CIVIL CODE §2923.5[1] (which, with minor revisions, was

2  re-adopted as part of HOBR) and preemption under HOLA.  CIVIL CODE §2923.5

3  (and now §2923.55) requires a servicer to contact a borrower to discuss his default

4  and alternatives to foreclosure.  The *Mabry* court found that if it was narrowly

5  construed, §2923.5 would not be preempted.  However, the *Mabry* court also

6  explicitly noted that if §2923.5 was interpreted to require consideration of loan

7  modifications, it would be preempted.

8
9
10

> We emphasize that we are able to come to our conclusion that section 2923.5 is not preempted by federal banking regulations because it *is*, or can be construed to be, very narrow. As mentioned above, there is no *right*, for example, under the statute, to a loan modification.

11  *Mabry*, 185 Cal.App.4th at 231.  The *Mabry* court further held that "The statute

12  cannot require the lender to consider a whole new loan application or take detailed

13  loan application information over the phone. (Or, as is unlikely, in person.)."

14  *Mabry*, 185 Cal.App.4th at 232.  In other words, the *Mabry* court held that if a state

15  foreclosure statute required a regulated bank to take a loan application, including a

16  loan modification application, such a statute would be preempted.  If the regulated

17  bank was required "to engage in a process that would be functionally

18  indistinguishable from taking a loan application in the first place", such an action

19  would be preempted.  *Mabry*, 185 Cal.App.4th at 232.  As discussed, Spalding's

20  First and Second Claims would explicitly require Flagstar to take a loan

21  modification application, and require Flagstar to make certain determinations on it.

22  This falls squarely within the actions the *Mabry* court found to be preempted.  Thus,

23  the Claims are preempted.

24  **B.   The First Claim for Violation of CIVIL CODE §2923.6 is Not Stated**

25  CIVIL CODE §2923.6, prior to January 1, 2013, did not impose any duties or

26
27
28

---

[1] While there have been some changes in §2923.5 since *Mabry* was decided (and §2923.55 requires additional notices to be provided), the essence of the current statutory requirement is the same as the version of the statute analyzed in *Mabry*.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

1   prohibitions on a beneficiary of a loan.  However, CIVIL CODE §2923.6 was

2   modified by HOBR and after January 1, 2013, imposes certain duties on a servicer

3   when considering a loan modification application.  CIV. CODE §2923.6, §§2920 *et*

4   *seq*.

5       **1.      The New Provisions in CIVIL CODE §2923.6 set forth in**

6   **HOBR Do Not Apply In This Case**

7       HOBR does not apply to this loan.   The loan was originated in 2009.   HOBR

8   became effective on January 1, 2013.  See CIVIL CODE §§2920 *et seq*.; CAL. CONST.,

9   ART. IV, § 8(c)(1).  The Notice of Default in this case was recorded on December

10   21, 2012.  [Complaint Exhibit 2.]   Generally, laws are not applied retroactively and

11   there is nothing in the HOBR that indicates it is to be applied retroactively.  *See*

12   *Myers v. Philip Morris Companies, Inc.*, 28 Cal.4th 828, 840-47, 123 Cal.Rptr.2d 40

13   (2002); *Michael J. Weber Living Trust*, 2013 WL 1196959 at *4.   Indeed,

14   "[s]ubsequent enactments of section 2923.5, in 2012 [i.e., HOBR], omit any look-

15   back requirement that would apply the requirements of section 2923.5 [the HOBR

16   precursor statute] to mortgages executed after the inclusion date of December 31,

17   2007, but before the effective date of the successor enactment of section 2923.5 in

18   2012."  *Pruitt v. U.S. Bank, N.A.*, 1:13-CV-1198 AWI SKO, 2013 WL 6798999, *3

19   (E.D. Cal. Dec. 20, 2013).  Since the loan originated in 2009, the application was

20   submitted in August 2012, and the foreclosure began in December 2012, HOBR

21   does not apply.

22       Spalding's allegations address post Notice of Default conduct that occurred

23   after the foreclosure started in 2012.  Spalding cannot maintain claims under HOBR

24   for initiating a foreclosure without complying with it since HOBR was not in effect

25   when that action occurred.  Otherwise, Flagstar would be held retroactively liable

26   for actions it took that were perfectly legal when it took them.  Because HOBR does

27   not apply to this foreclosure, Spalding's allegations that Flagstar violated the new

28   provisions of the law are irrelevant and cannot impose liability on Flagstar.  Only

1  the prior, limited version of CIVIL CODE §2923.6 applies.

2  **2.    There is No Liability under the Old Provisions of CIVIL CODE**

3  **§2923.6**

4  There is no duty under the old version of CIVIL CODE §2923.6 to modify a

5  loan or to do anything specific in regards to an application for a loan modification.

6  *See Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal.App.4th 1602, 1615-

7  1617, 126 Cal.Rptr.3d 174 (2011) (citing *Mabry*, 185 Cal.App.4th at 222 fn. 9); *see*

8  *also Runaj v. Wells Fargo Bank*, 667 F.Supp.2d 1199, 1207-1208 (S.D. Cal.

9  September 30, 2009).  CIVIL CODE §2923.6 "conspicuously does not require lenders

10  to take any action."  *Mabry*, 185 Cal.App.4th at 222 fn. 9.  There was no duty to

11  discuss a loan modification, notify a borrower of the specifics of any deficiency in

12  any loan modification application, allow a borrower to appeal a denial of an

13  application, or to notify a borrower of any right to appeal such a denial in 2012

14  when Spalding's modification application was submitted and the foreclosure began.

15  Spalding admits Flagstar contacted him to discuss alternatives to foreclosure in

16  August 2012 and that the NOD was recorded on December 21, 2012 after

17  Spalding's ex-wife to be refused to participate further in the loan modification

18  process.  [Complaint ¶8.]

19  **3.    Even If the New Provisions of CIVIL CODE §2923.6 Applied,**

20  **Spalding Still Cannot State a Claim Because He Never Sent a Completed**

21  **Application to Flagstar**

22  The new version of CIVIL CODE §2923.6 indicates that a beneficiary cannot

23  record a Notice of Default, record a Notice of Trustee's Sale or sell a property if a

24  **completed** loan modification application is submitted and a decision is pending.

25  If a borrower submits a **complete** application for a first lien
loan modification offered by, or through, the borrower's
26  mortgage servicer, a mortgage servicer, mortgagee, trustee,
beneficiary, or authorized agent shall not record a notice of
27  default or notice of sale, or conduct a trustee's sale, while the
complete first lien loan modification application is pending.

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

- 11 -

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

1   CIV. CODE §2923.6(c) [emphasis added].  Spalding has not alleged sufficient facts to

2   bring him under the new provisions of CIVIL CODE §2923.6(c)-(f) as those sections

3   are only triggered by a **complete** modification application.  A loan modification

4   application is complete under the terms of the statute once the borrower has

5   provided the servicer/lender with all documents required by the servicer/lender.

6          For purposes of this section, an application shall be deemed
       "complete" when a borrower has supplied the mortgage servicer
7       with all documents required by the mortgage servicer within the
       reasonable timeframes specified by the mortgage servicer.
8

9   CIV. CODE §2923.6(h).

10          Spalding has admitted that his application was not complete.  [Complaint

11   ¶¶12-13, 15, 29-30.]  He alleged that Flagstar told him throughout October and

12   November 2012 that it needed additional documents from both him and his wife.

13   [Complaint ¶¶26-30.]  He again alleges that Flagstar requested additional documents

14   from his wife. [Complaint ¶¶29-30.]  Spalding admits that his wife to be refused to

15   cooperate further in December 2012 and that he provided Flagstar with a letter from

16   Mrs. Spalding saying she was refusing to participate in a modification. [Complaint

17   ¶30.]  Conspicuously, Spalding fails to allege that he provided any additional

18   information about himself or his wife after December 2012.  [Complaint ¶30.]  In

19   short, Spalding admits that his application was not complete.

20          The letter indicating that Ms. Spalding will not participate shows that his

21   application could never be complete.  [Complaint ¶30.]  Ms. Spalding was a co-

22   borrower on the loan and Deed of Trust and she is still obligated to repay it, so her

23   income is highly relevant.  [Complaint Exhibit 1.]  CIVIL CODE §2923.6(c)-(f) only

24   imposes a duty to provide the required notices when a **complete** application is

25   submitted, so even according to Spalding's allegations,  Flagstar had no duty to

26   provide a response, or an appeal.  Therefore, Flagstar could not have breached any

27   duty under §2923.6.

28          Spalding's allegations that Ms. Spalding intended to assign the loan and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

1    property to him are irrelevant.  [See Complaint ¶¶13, 30.]  First, he fails to allege

2    that such an assignment actually occurred.  His divorce case is still pending.  [*See*

3    RJN #6, Court Docket in Spalding's divorce case, attached as Exhibit 6.]  Second,

4    he fails to allege that such an assignment can occur without Flagstar's consent (or at

5    least without a court order).  In fact, even if Ms. Spalding could unilaterally assign

6    her interest to Spalding so he could obtain a loan modification, she would not be

7    released from her obligations on the deed of trust, and is jointly and severally liable.

8    [Complaint Exhibit 1, §§11, 12.]  Spalding fails to show Flagstar would or could

9    ignore Ms. Spalding's information.  In fact, he alleges the opposite—it still wanted

10   her information despite the separation.  [Complaint ¶¶12-13, 27-30.]

11          Spalding cannot show that he was damaged or lost any rights.  He alleges that

12   he was not told about his right of appeal of a denial of a loan modification.  Again,

13   since he never submitted a complete application, he has no right to an appeal.  Even

14   if he had been told about an appeal, he fails to allege any facts showing that an

15   appeal of the January 25, 2013 denial would have been successful.  Again, he admits

16   his wife refused to submit information Flagstar requested.  He fails to allege that she

17   would have submitted the information after an appeal.  He admits Flagstar was told

18   of the separation so it could consider it with his application before it issued the

19   denial.  [Complaint ¶¶12-13.]  In other words, he does not allege he could have

20   provided any new information for the appeal.  The Notice of Trustee's Sale was not

21   recorded until March 26, 2013—which is after the 15 day appeal period.  And most

22   importantly, he fails to show that Flagstar would have given him a loan

23   modification--especially since it has no duty to do so.  CIV. CODE §2923.4(b).  Thus,

24   he was not damaged and did not lose any right.

25   ///

26   ///

27   ///

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

**4.      There is No Basis for Spalding's Requests for Treble Damages or Statutory Damages**

CIVIL CODE §2924.12 provides the remedy for a CIVIL CODE §2923.6 violation once a property has been sold at a foreclosure sale.  Under CIVIL CODE §2924.12(b),

> If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent, the court may award the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000).

Spalding contends he is entitled to either $50,000 or treble his actual damages. [Complaint ¶39,  Prayer, ¶¶1-2.]  He ignores that in order for the treble actual damage or the $50,000 statutory damage provisions to apply, the underlying violation must be material and intentional, reckless or willful.  Simply put, Spalding's allegations do not support his requests for such damages.

Spalding's allegations do not clearly show a violation of CIVIL CODE §2923.6. As discussed, CIVIL CODE §2923.6 is only triggered by a **complete** modification application.  Also as discussed, Spalding has admitted that his application was not complete and cannot be complete.  [Complaint ¶¶12-13, 15, 26-30.]  If it cannot be complete, there cannot be a violation to support his request for treble actual damage or the $50,000 statutory damage amount.

Even if Spalding had submitted a complete loan modification application, he still must show that the §2923.6 violation was material.  He cannot do so.  He alleges that he was not told about his right of appeal of a denial of a loan modification.  Again, since he never submitted a complete application, he has no rights to an appeal.  Even if he had been told about an appeal, he fails to allege any facts showing that an appeal of the January 25, 2013 denial would have been successful, as discussed.  And most importantly, he fails to show that Flagstar would

- 14 -

1   have given him a loan modification.  If Flagstar would not have given him a

2   modification after the appeal, not being told about the appeal period is a moot point.

3      Finally, Spalding cannot show that Flagstar acted intentionally, recklessly or

4   willfully.  He concedes that Flagstar required his wife to provide information in

5   December 2012.  He also admits that his wife refused to provide any financial

6   information, and he provided Flagstar with a written letter she signed affirming that

7   she refused to do so.  [Complaint ¶30.]  Flagstar cannot act intentionally, recklessly

8   or willfully in denying a modification application when it explicitly informs a

9   borrower that it needs certain information and the borrower explicitly admits that he

10  did not, and could not, provide the information requested.  Intentional, reckless or

11  willful conduct requires a positive intent to harm another or to disregard the

12  consequences.  See *Carter v. Prime Healthcare Paradise Valley LLC*, 198

13  Cal.App.4th 396, 412-13, 129 Cal.Rptr.3d 895 (2011).  Spalding has failed to allege

14  any intent on the part of Flagstar.  He cannot obtain treble actual damage or the

15  $50,000 statutory damage amount.

16  **C.    The Second Claim for Violation of BUSINESS AND PROFESSIONS**

17  **CODE §17200 is Not Stated**

18     BUSINESS AND PROFESSIONS CODE §17200 defines unfair competition as being

19  any unlawful, unfair or fraudulent business act or practice.  A business practice is 1)

20  "unlawful" if it is "forbidden by law;" 2) "unfair" if it "offends an established public

21  policy or when the practice is immoral, unethical, oppressive, unscrupulous or

22  substantially injurious to consumers" or "the utility of the defendant's conduct" does

23  not offset "the gravity of the harm to the alleged victim;" or 3) "fraudulent" if it is

24  deceptive to the members of the public.  *Walker v. Countrywide Home Loans, Inc.,*

25  98 Cal.App.4th 1158, 1169-1170, 121 Cal.Rptr.2d 79 (2002).  Spalding seems to

26  only allege a violation of the unlawful and unfair prongs.

27     **1.    Spalding has No Standing to Bring his Claim Under §17200**

28     A §17200 claim can only be brought by a "person who has suffered injury in

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

- 15 -

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

1  fact and has lost money or property as a result of the unfair competition." BUS. AND

2  PROF. CODE §17204; *Hamilton*, 195 Cal.App.4th at 1617.  Spalding alleges that the

3  wrongful action was failing to properly consider his loan modification application.

4  Spalding alleges that his injury was a foreclosure and damage to his credit history.

5  [Complaint ¶47.]  Spalding ignores that the injury must be caused by the wrongful

6  actions.  *Daro v. Superior Court*, 151 Cal.App.4th 1079, 1099, 61 Cal.Rptr.3d 716,

7  729 (2007) ("In short, there must be a causal connection between the harm suffered

8  and the unlawful business activity"); *Jenkins v. JP Morgan Chase Bank, N.A.*, 216

9  Cal.App.4th 497, 523, 156 Cal.Rptr.3d 912 (2013).  He alleges facts showing that

10  the foreclosure was begun and credit damage occurred because he could not pay on

11  the loan, not because he failed to receive a loan modification or appeal.  [Complaint

12  ¶¶7-8.]  Since the default occurred before the application was submitted, there

13  cannot be a causal nexus between the foreclosure and credit damage and alleged

14  HOBR violations.

15  > As Jenkins's home was subject to nonjudicial foreclosure
   > because of Jenkins's default on her loan, which occurred before

16  > Defendants' alleged wrongful acts, Jenkins cannot assert the
   > impending foreclosure of her home (i.e., her alleged economic

17  > injury) was caused by Defendants' wrongful actions.

18  *Jenkins*, 216 Cal.App.4th at 523.

19      In addition, despite Spalding's allegations, he could not have been "injured in

20  fact" by failing to receive a loan modification because he has no legal right to a loan

21  modification under either the old or new versions of §2923.6.  As discussed above,

22  the old version of §2923.6 imposed no substantive duties on Flagstar to consider a

23  loan modification.  Under the new version of §2923.6, Spalding's only remedy is to

24  postpone a sale for 45 days while an appeal period expires.  CIV. CODE §2923.6(c)-

25  (f).  In this case, the foreclosure sale that took place on April 16, 2013 occurred

26  more than 45 days after any appeal period would have elapsed based upon the denial

27  dated January 25, 2013.  [Complaint ¶¶32-33, 35.]  Further, Spalding does not make

28  any allegations that he would have received a loan modification or that Flagstar

- 16 -

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

1 would have made a different decision had he exercised his right to appeal. In effect,

2 he alleges no facts showing that the purported violation of CIVIL CODE §2923.6

3 caused the sale. *Medina v. Safe-Guard Products*, 164 Cal.App.4th 105, 115, 78

4 Cal.Rptr.3d 672 (2008) ("Here, there is no allegation that Medina *relied* on Safe–

5 Guard's having a license as required by the vehicle service contract statutes, or that

6 Safe–Guard's unlicensed status *caused* him to part with the money he paid for the

7 tire and wheel contract."). Again, the sale was caused by his default which occurred

8 prior to the foreclosure starting. He therefore has no standing.

### 2. No Unlawful Action is Alleged

9

10 The unlawful prong of a §17200 claim requires a violation of some other law.

11 *See Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal.App.4th 700, 717-718,

12 113 Cal.Rptr.2d 399 (2001). If there is no violation of law, the §17200 Claim is not

13 established. *See Lazar v. Hertz Corp.*, 69 Cal.App.4th 1494, 1505, 82 Cal.Rptr.2d

14 368 (1999) (demurrer to §17200 claim sustained because there was no violation of

15 alleged predicate law); *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 938-

16 939, 943-944, 134 Cal.Rptr.2d 101 (2003) (summary adjudication of §17200 claim

17 proper if there are no unlawful actions); *Byars v. SCME Mortgage Bankers, Inc.*,

18 109 Cal.App.4th 1134, 1146, 135 Cal.Rptr.2d 796 (2003) (viability of an unlawful

19 §17200 claim stands or falls with the underlying claim). As discussed above, the

20 new provisions of the HOBR are not applicable. Even if HOBR applied, no claim is

21 stated because his loan modification application was never complete. CIVIL CODE

22 §2923.6 was never triggered, so it was never violated. Thus, Spalding cannot state

23 his §17200 claim under the "unlawful" prong of the statute.

### 3. No Unfair Action is Alleged

24

25 A business practice is unfair if the "conduct 'threatens an incipient violation

26 of an antitrust law, or violates the policy or spirit of one of those laws because its

27 effects are comparable to or the same as a violation of the law, or otherwise

28 significantly threatens or harms competition.'" *Durell v. Sharp Healthcare*, 183

Cal.App.4th 1350, 1366, 108 Cal.Rptr.3d 682 (2010) (citing and quoting *Byars v. SCME Mortgage Bankers, Inc.*, 109 Cal.App.4th 1134, 1147, 135 Cal.Rptr.2d 796 (2003)); *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 187, 83 Cal.Rptr.2d 548 (1999).

Spalding does not explicitly allege any facts relating to the unfair prong.  He merely alleges that Flagstar's conduct gave it an unfair competitive advantage by foreclosing on properties.  [Complaint ¶45.]  Spalding does not attempt to allege any violation of an antitrust law or explain how one might be violated.  Spalding's allegations do not relate in any way to an incipient violation of an antitrust law.  Spalding has not and cannot show that merely foreclosing on properties is unfair because Flagstar is entitled to foreclose by statute (CIV. CODE §§2924 *et seq.*) and as discussed above, Spalding has not stated a claim that Flagstar violated any of the foreclosure statutes.

Spalding has not alleged any practices that affect competition or satisfy any pre-*Cel-Tech* test.  *Cel–Tech,* 20 Cal.4th at 184.  There is no competition in granting loan modifications.  Another lender is not going to modify a loan it does not hold.  And other lenders will foreclose or offer loan modifications regardless of what Flagstar does.  Had Spalding made his payments, his loan would not have gone into foreclosure.  "An act or practice is unfair if . . . [it] is not an injury the consumers themselves could reasonably have avoided."  *Berryman v. Merit Property Management, Inc.,* 152 Cal.App.4th 1544, 1555, 62 Cal.Rptr.3d 177 (2007) (quoting *Daugherty v. American Honda Motor Co., Inc.,* 144 Cal.App.4th 824, 839, 51 Cal.Rptr.3d 118 (2006)).  Because no other unfair actions are alleged, the "unfair" prong of the statute is also not satisfied.

**4.     No Relief is Available to Spalding Because Damages are Not Allowed under §17200, there is No Basis for Any Injunctive Relief and Spalding has Not Alleged Any Proper Claim for Restitution against Flagstar**

Monetary damages, including punitive damages, are not available under

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

- 18 -

BUSINESS AND PROFESSIONS CODE §17200. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1148, 131 Cal.Rptr.2d 29 (2003); BUS. AND PROF. CODE §§17203, 17204, 17206; *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 950, 119 Cal.Rptr.2d 296 (2002). "Attorney fees are not recoverable under the UCL [§17200]." *People ex rel. City of Santa Monica v. Gabriel*, 186 Cal.App.4th 882, 889, 112 Cal.Rptr.3d 574 (2010). The only relief available under the statute is restitution or injunctive relief.

Spalding cannot obtain injunctive relief because there is no allegation of any ongoing conduct on the part of Flagstar vis a vis Spalding. "[I]njunctive relief will be denied if at the time of the order or judgment, if there is no reasonable probability that the past acts complained of will recur. . . ." *California Serv. Station Ass'n v. Union Oil Co.*, 232 Cal. App. 3d 44, 283 Cal.Rptr. 279 (1991); *see also Madrid v. Perot Systems Corp.*, 130 Cal.App.4th 440, 462-466, 30 Cal.Rptr.3d 210 (2005) (1992 amendments did not change principle that past acts cannot be enjoined). Spalding's Complaint is based on Flagstar's alleged past acts of not providing a proper denial letter, when one was not required. He has provided no allegations showing that such a situation would reoccur as to him. There is simply nothing to enjoin.

Equally unavailable is Spalding's prayer for restitution under §17200. "[T]he notion of restoring something to a victim of unfair competition includes two separate components. The offending party must have obtained something to which it was not entitled *and* the victim must have given up something which he or she was entitled to keep." *Day v. AT&T*, 63 Cal.App.4th 325, 340, 74 Cal.Rptr.2d 55 (1998). Spalding does not allege that Flagstar received something from him that he was entitled to keep. The foreclosure is not prohibited by CIVIL CODE §2923.6, so Spalding was not entitled to keep the property after he defaulted. Spalding admits he had trouble paying on his loan. [Complaint ¶7.] Spalding agreed in the Deed of Trust that Flagstar could foreclose on his property if he did not make his loan

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

1  payments.  [Complaint Exhibit 1.]  Notably, Spalding does not seek return of his

2  property.  He does not request that the foreclosure sale be reversed or that title

3  should be put into his name.  There is nothing to restore and therefore no relief

4  available under §17200.

5  **VI.    CONCLUSION**

6         The motion to dismiss should be granted.  His two claims are preempted by

7  federal law.  Even if they were not preempted, he cannot state them.  CIVIL CODE

8  §2923.6 does not apply because the foreclosure was started before it became

9  effective, and since there was no complete application, it was never triggered.

10 Likewise, since the CIVIL CODE §2923.6 claim is not stated, the BUSINESS AND

11 PROFESSIONS CODE §17200 claim is not stated.  Spalding has no standing to bring it,

12 and there were no unfair or unlawful actions.

13

14 DATED:  April 2, 2014

15                                    By _____/s/ Frederick A. Haist_____

16                                        ROLAND P. REYNOLDS
                                         PETER J. MARSHALL
17                                        FREDERICK A. HAIST
                                         PALMER, LOMBARDI & DONOHUE LLP
18                                        Attorneys for Defendant Flagstar Bank FSB

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS